# UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IAN MILLER,                                              CASE NO.:


     Plaintiff,

v.

LA DOLCE VITA, LLC, and
DONALD CARLIN, Individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, IAN MILLER ("Plaintiff"), by and through the undersigned attorney, sues the Defendants, LA DOLCE VITA, LLC, and DONALD CARLIN, Individually, ("Defendants") and in support thereof states as follows:

## INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 2(a) and 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are

detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages,

including but not limited to liquidated damages, compensatory damages, punitive damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, <u>et</u> *seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs, as well as recover damages for retaliation under 29 U.S.C. §215(a)(3).

7. The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9. Defendant, La Dolce Vita, LLC, conducts business in Okaloosa County, Florida, and therefore venue is proper in the Northern District of Florida, pursuant to U.S.C. § 1391 (b)(1) & (c).

## PARTIES

10.    Plaintiff, Ian Miller is an adult individual who is a resident of Florida.

11.    Plaintiff worked for Defendants from approximately March of 2021 to September of 2021.

12.    Defendants' business is a service and rental business for beach chairs, umbrellas, kayaks and other items.

13.    Plaintiff regularly worked for Defendants and for Defendants' benefit in excess of 40 hours per workweek.

14.    Defendant, La Dolce Vita, LLC, is a Florida Limited Liability Corporation that operates and conducts business in Okaloosa County, Florida.

15.    At all times relevant to this action, DONALD CARLIN is an individual who owns and operates LA DOLCE VITA, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of LA DOLCE VITA, LLC.  By virtue of having regularly exercised that authority on behalf of LA DOLCE VITA, LLC, DONALD CARLIN is an employer as defined by 29 U.S.C. § 201, et seq.

## COVERAGE

16.   At all times material hereto (the last three years), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17.   At all times material hereto (the last three years), Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18.   At all times material hereto (the last three years), Defendants were the "employer" within the meaning of FLSA.

19.   At all times material hereto, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20.   Based upon information and belief, the annual gross revenue of Defendant, LA DOLCE VITA, LLC, was in excess of $500,000.00 per annum during the relevant time periods.

21.   At all times material hereto (the last three years), Defendant, LA DOLCE VITA, LLC, was and continues to be "an enterprise engaged in commerce," or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

a. Engaged in commerce; or

b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies, computers, telephones, desks, beach chairs, golf carts, bicycles and other items).

22.    Therefore, Defendant, LA DOLCE VITA, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FACTUAL ALLEGATIONS

23.    Defendants had a common pay policy and/or practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

24.    Plaintiff was initially employed by Defendants earning a rate of $100 per day plus a $10 a day per diem as well as housing.

25.    Plaintiff would also be paid extra compensation if he performed extra services like bonfires at Defendants' request.

26.    During the course of his employment, Plaintiff regularly worked in excess of forty (40) hours in each workweek, but was not compensated at one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

27.    As a day rate employee, Defendant was required by Department of Labor regulations, 29 C.F.R. § 778.112, to be paid overtime compensation.

28.    Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half of his regular rate of pay for hours worked over forty (40) in a workweek.

29.    Plaintiff hired an attorney in August of 2021 to recover his overtime compensation.

30.    On August 2, 2021, a demand letter was sent out to Defendants from Plaintiff's attorney.

31.    On August 10, 2021, Defendants, through Mr. Carlin, approached Plaintiff and attempted to settle the case between only the two of them in hopes of avoiding a lawsuit.

32.    Plaintiff would not settle the case with Defendants and in retaliation Defendants had Plaintiff removed from the schedule.

33.    After Plaintiff was removed from the schedule he was out of work for at least one week and found employment elsewhere making less money per day than he did when he was working for Defendants.

34.    Based upon the above practices Defendant violated the FLSA by failing to pay Plaintiff proper overtime pay for all hours worked.

35.    Based on upon the above practices, Defendant violated the FLSA by retaliating against Plaintiff for pursuing his right to unpaid overtime wages.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

36.    Plaintiff re-alleges and reavers paragraphs (1) through (35) of the Complaint, as if fully set forth herein.

37.    From on or around March 2021 until September 2021, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for each of his overtime hours worked.

38.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per work week.

39.    Defendants had knowledge of the overtime hours worked by Plaintiff.

40.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

41.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, IAN MILLER, demands judgment against Defendants for the payment of all unpaid overtime wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II**
**RETALIATION IN VIOLATION OF 29 U.S.C. §215(a)(3)**

44.     Plaintiff re-alleges and reavers paragraphs (1) through (35) of the Complaint, as if fully set forth herein.

45.     On August 2, 2021, Plaintiff hired an attorney to try and recover his overtime compensation and sent a demand letter to Defendants regarding the claim here.

46.     On August 10, 2021, Defendants met with Plaintiff to try and resolve the matter without the presence of either party's attorneys.

47.     After Plaintiff rejected Defendants' negotiation, Defendants retaliated against Plaintiff by removing him from the work schedule, causing him to lose compensation he regularly earned.

48.     Defendants discriminated and retaliated against Plaintiff because he complained about Defendants' unlawful pay practices.

49.    Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendants knew or should have known that their actions were in violations of 29 U.S.C. §215(a)(3).

50.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

51.    Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, IAN MILLER, seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November __, 2021

Respectfully submitted,

*/s/ C. RYAN MORGAN*
C. Ryan Morgan

11

Florida Bar No. 15527
MORGAN & MORGAN, P.A.
20 North Orange Avenue
15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: Rmorgan@forthepeople.com